UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEREK ALLEN GRIFFITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | Cause No. 3:16-cv-803 |
| vs. ) | |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Derek Allen Griffith, a *pro se* prisoner, filed a petition under 28 U.S.C. § 2254, challenging a prison disciplinary hearing (MCF 16-05-281) in which a Disciplinary Hearing Officer found Griffith guilty of possession of a cell phone in violation of Indiana Department of Correction policy A-121. (DE 4 at 1.) As a result, Griffith was sanctioned with the loss of 90 days earned credit time and was demoted from Credit Class I to Credit Class II. *Id.*

After Griffith filed his petition, the IDOC vacated the guilty finding and remanded the case for a new hearing. (*See* DE 9-2.) Based on the IDOC's action, the Respondent filed a motion to dismiss, arguing that Griffith's petition is moot because the guilty finding and accompanying sanctions have been vacated. (DE 9; DE 10.)

Griffith has not responded to the motion and the time for doing so has now passed. *See* N.D. Ind. L. Cr. R. 47-2. Nevertheless, he has already succeeded in this matter because his charges and sanctions have been reversed. As a result, there no longer is a case or controversy for me to adjudicate, and the petition will be dismissed.

*See generally Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (noting that a prisoner can challenge prison disciplinary determination in a habeas proceeding only when a previously conferred benefit has been taken away). If Griffith finds the results of his new disciplinary hearing to be similarly objectionable, he must file a new habeas petition after exhausting his administrative remedies.

Accordingly, the respondent's motion to dismiss (DE 9) is **GRANTED**, and this matter is **DISMISSED**. All other pending motions are **DENIED AS MOOT**.

**SO ORDERED.**

ENTERED: June 22, 2017

s/ Philip P. Simon
JUDGE, UNITED STATES DISTRICT COURT